Cnoss, J. The defendant -brought covenant, in -the Lafayette, circuit court, against the plaintiffs in error, on a writing obligatory, executed by them and payable to .him one day after date, fox -the., sum of twenty-eight dollars, On the return of the summons duly .served, the plaintiff appeared and pleaded, in abatement that the circuit court had no jurisdiction of the cause of action, that it was .exclusively within the jurisdiction-of justices of the-peace, &c. To this plea a demurrer was sustained, and a judgment rendered .by the court against the'plaintiffs for the amount of the -obligation, The only question material to be considered fs raised "fry the dg-< murrer t.o the plea in abatement, . " Sec. 3 of article 6 of the Constitution of Arkansas-prescribes llio jurisdiction of the circuit.courts, and so far as the question in this case is concerned in these words : “ and original jurisdiction of all ciyil cases which shall not be cognizable before justices of the peace, until otherwise directed by the general assembly, and original jurisdiction'in all matters of'contract where the sum in controversy is over one hundred dollars.” The jurisdiction of justices of the peace is prescribed by sec. 15- of the same article in the words following, viz: “ They shall have individually, or two or more of them jointly exclusive original jurisdiction of all matters of contract except in actions of covenant where the sum in controversy is of one hundred dollars and under.” Prom the first of these constitutional provisions there can be no difficulty as to the question of jurisdiction in “ matters of contract,” where the sum in controversy is over one hundred dollars, and the latter is equally clear in like matter’s where “the sum in controversy is of one hundred dollars and under.” The only doubt that could present itself to any mind grows out of the exceptions in the latter.provision, and this will be removed we think by a proper understanding of the action of covenant. Where the recovery of damages is the object,and the contract is by deed or writing obligatory, as in the case of leases, mortgages articles of agreement, or an undertaking to pay on a given day so many bushels of wheat, loads of hay, or to deliver a horse, <fcc., <fcc., covenant is • the peculiar if not the only remedy. 1 Tidd’s Pr. 4. 1 Chitty 134. In these cases, the amount in controversy, necessarily depending on the assessment of a jury, has no influence upon the question of jurisdiction. It is the same under the provisions of the constitution;.-whether it be for one dollar or for five hundred dollars, and belongs exclusively to the circuit courts. The party aggrieved has no' alternative either, as to remedy or jurisdiction. It is otherwise, however, .upon writings obligatory for the payment of a specific sum of money. In that case, according to' the rules of the common law, debt is a concurrent remedy with covenant, and there is nothing in our constitution or laws which interferes with the right to adopt either the one or the other form of action at the election of ihe party who brings the suit, provided Ihe amount of the obligation exceeds one hundred dollars. When the amount is for that, or any less sum, as it is “a matter of contract” exclusive original jurisdiction is conferred upon justices of the peace “ individually, or two or more of them jointly,” and the exception in the constitutional provision declaratory of their jurisdiction, excludes covenant. If an individual having the legal interest in a writing obligatory for the payment of one hundred dollars or under, could bring either debt or covenant, the question of jurisdiction, instead resting on the constitution, would turn upon the mere caprice or fancy of an individual. The consequence of this would be, that under the influence of malice or ill feeling, an obligor might be involved in a tedious, distant and expensive litigation in the circuit court, instead of a summary, simple proceeding in his own neighborhood before a justice of the peace, without any advantage to the obligee, or pez-son in whom the' right of action existed. We are clear, therefore, in the opinion that the circuit court erred in overruling the plea in abatement to the jurisdiction in -the case before us, and that the judgment must be reversed.